# EXHIBIT A

## To
## Notice of Removal -
## Service of State Court Documents



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2316-CV16402 |
|---|---|
| Plaintiff/Petitioner:<br>ELIZABETH MARTIN | Plaintiff's/Petitioner's Attorney/Address<br>LEWIS MICHAEL GALLOWAY<br>LG LAW LLC<br>1600 GENESSEE ST<br>STE 918 |
| **vs.** | KANSAS CITY, MO 64102 |
| Defendant/Respondent:<br>UNION HOME MORTGAGE CORP. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: UNION HOME MORTGAGE CORP. | |
|---|---|
| **Alias:** | |
| SRV: CSC LAWYERS INC SVC CO<br>221 BOLIVAR ST<br>JEFFERSON CITY, MO 65101 | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

21-JUN-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date      Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 23-SMCC-6894  1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:23-cv-00566-SRB  Document 1-1  Filed 08/10/23  Page 2 of 31

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2316-CV16402 |
|---|---|
| Plaintiff/Petitioner:<br>ELIZABETH MARTIN | Plaintiff's/Petitioner's Attorney/Address<br>LEWIS MICHAEL GALLOWAY<br>LG LAW LLC<br>1600 GENESSEE ST<br>STE 918 |
| **vs.** | KANSAS CITY, MO 64102 |
| Defendant/Respondent:<br>UNION HOME MORTGAGE CORP. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **UNION HOME MORTGAGE CORP.**
Alias:

SRV: CSC LAWYERS INC SVC CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101



*COURT SEAL OF*

*JACKSON COUNTY*

# PRIVATE PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>21-JUN-2023</u>
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date      Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-6894 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:23-cv-00568-SRB Document 1-1 Filed 08/10/23 Page 4 of 31

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

ELIZABETH MARTIN,

               Plaintiff,

v.

UNION HOME MORTGAGE CORP.,

                                  Case No.
                                  Division

**Attorney to Serve:**
**CSC – Lawyers Incorporating Service Co.**
**221 Bolivar St**
**Jefferson City, Missouri 65101**

               Defendant.

## PETITION

COMES NOW Plaintiff Elizabeth Martin ("Martin" or "Plaintiff") and states and alleges as follows for her Petition against Defendant Union Home Mortgage Corp. ("UHM" or "the Company" or "Defendant").

## NATURE OF THE CASE

1.    This action is brought to remedy discrimination on the basis of sex and/or pregnancy in the terms, conditions, and privileges of employment, all in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq.*, ("MHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 ("Title VII").

2.    The claims hereinafter alleged seek declaratory and injunctive relief and compensatory and punitive damages for Defendant's intentional discrimination on the basis of sex and/or pregnancy under the MHRA and Title VII.

## JURISDICTION AND VENUE

3.     Defendant's unlawful employment practices complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.

4.     On or about August 2, 2022, Plaintiff filed her Charge of Discrimination detailing the allegations included herein with the Equal Employment Opportunity Commission ("EEOC"), which was thereafter dually filed with the Missouri Commission on Human Rights ("MCHR"). A copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit A.

5.     Plaintiff received her Notice of Right to Sue from the EEOC on or about March 22, 2023, and requested her Notice of Right to Sue from the MCHR on May 8, 2023. Plaintiff has fully complied with all jurisdictional prerequisites to jurisdiction of this Court under the EEOC and will do so MHRA upon receipt of her Notice of Right to Sue. A copy of Plaintiff's EEOC Notice of Right to Sue is attached hereto as Exhibit B.

## PARTIES

6.     Plaintiff is and at all times relevant to the allegations in this Petition has been a female resident and citizen of the State of Missouri.

7.     Defendant is a business entity incorporated under the laws of the State of Ohio, and at all relevant times it was authorized to conduct business in the State of Missouri. Defendant is an "employer" within the meaning of the MHRA and Title VII.

8.     All of the acts, conduct, and omissions of Defendant were performed by its agents, representatives, and employees acting while in the course and scope of their employment.

2

## FACTS

9.     Plaintiff is female.

10.    Plaintiff was employed as Loan Officer with Defendant from March 1, 2021, until the termination of her employment on August 11, 2022.

11.    Plaintiff's record of employment with UHM was exemplary. At no time did she receive feedback from those to whom she reported that her performance was deficient in any way. Plaintiff was not coached or placed on a performance improvement plan of any type, for any reason. Plaintiff received high praise in each of her performance reviews 6 months and 12 months after my employment with UHM began. At the time of the termination of her employment, Plaintiff was less than one month away from her scheduled NMLS SAFE Act exam for the purpose of her promotion to Licensed Loan Officer.

12.    Plaintiff has a history with pregnancy loss, and for that reason she informed the Licensed Loan Originator with whom she worked closely, Robert Hastings, of her pregnancy in January 2022. At the beginning of February, Plaintiff informed Area Sales Manager Josh Carr of her pregnancy during a meeting at which they discussed a raise as part of her annual review. In June Plaintiff informed UHM human resources representatives of her pregnancy and did not immediately receive confirmation from them that she expected to be away from work for the birth and care of her child. Accordingly, Plaintiff informed Human Resources Manager Mary Udivich and LOA Team Lead Chantel Pittman of her pregnancy shortly thereafter. Plaintiff was instructed to contact human resources representatives 45 days prior to her expected date of delivery.

13.    In June 2022, Plaintiff learned that Robert Hastings was considering a departure from UHM. In the following weeks Plaintiff prepared for her absence from work for the birth of and care for her child scheduled for on or about August 10.

3

14.     In July Plaintiff contacted human resources representatives because she was informed by her physician, Dr. Julie Johnson, that her child may arrive early. They provided her with documentation related to her expected absence on July 12 with instructions to return completed forms on or before July 22. Plaintiff returned completed documentation related to her expected absence on July 21. Plaintiff's induction was then scheduled for August 17.

15.     On Friday, August 5, Plaintiff informed human resources representatives of her scheduled induction. Because she received no response, Plaintiff contacted human resources representatives again on August 8 and August 10, again with no response. On August 5 Plaintiff also spoke with Josh Carr about Mr. Hastings's potential departure and her concern about the handling of the loans assigned to her in her absence for maternity leave. Plaintiff explained to Mr. Carr that she wanted to be certain that the clients for whom she was working would be serviced appropriately in her absence. In response, Mr. Carr assured her that regardless of whether Mr. Hastings remained with UHM, he would be able to place her in a position with UHM at one of the offices in Lee's Summit, Missouri.

16.     On Monday, August 8, Robert Hastings informed Plaintiff that he was leaving UHM and that he would be joined by Loan Officer Assistant Kelly Haislip at UMB.

17.     On Wednesday, August 10, Plaintiff attended a regularly scheduled appointment with Dr. Johnson. Her pregnancy was high risk, and her physician determined that she would need to be placed on bed rest immediately and remain on bed rest until the scheduled induction on August 17.

18.     Plaintiff spoke with Josh Carr at 9 a.m. on August 11 and explained that she had been instructed by her physician to remain on bed rest. Plaintiff informed Human Resources Generalist Jessica Ankuda of her physician's instructions on August 11 at approximately 9:30 a.m.

4

Dr. Johnson sent notice of his instructions to remain on bed rest via fax at the same time. Plaintiff sent a copy of his instructions to Mr. Carr by email the same morning.

19.    Before Plaintiff informed Jessica Ankuda of her expected period of bed rest in advance of the birth of her child, Plaintiff received a phone call from Josh Carr at approximately 9 a.m. He said "I don't know what is going on. Give me until the afternoon to figure it all out and I will call you back." At 11 am on August 11, Plaintiff received a call from Ms. Ankuda and Loan Officer Susan Stevenson. Ms. Stevenson explained that Mr. Hastings was no longer with UHM and that there "are no open positions within the company." Plaintiff was stunned to learn that she was being terminated and told them that it was difficult to process their decision. Plaintiff told Ms. Ankuda and Ms. Stevenson that she had been placed on bed rest the day before during her regularly scheduled appointment with her physician, that notice had been sent to UHM of these instructions by fax and email, and that she was scheduled to be induced on August 17. Plaintiff again told them that she could not believe what they were telling her. Plaintiff explained that Mr. Carr had expressed confidence that she would continue my employment with UHM.

20.    Susan Stevenson apologized and repeated her claim that there "are no open positions within the company." She then asked Plaintiff whether she knew if Mr. Hastings intended to take anyone with him, and Plaintiff said that she believed he was taking one person. Ms. Stevenson apologized for the "timing of this" and offered to write a letter of recommendation on Plaintiff's behalf. Jessica Ankuda then explained that Plaintiff's benefits would terminate at the end of the month and that thereafter she would have 60 days to elect to obtain COBRA coverage. They both then apologized again, and Ms. Stevenson instructed Plaintiff to reach out to her if she had questions.

21.     After the termination of her employment, Plaintiff learned that a male Loan Officer Assistant had been retained by UHM following the departure of Licensed Loan Originator Robert Hastings.

## **COUNT I – VIOLATION OF THE MHRA – SEX DISCRIMINATION**

22.     Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

23.     Plaintiff is female.  She was pregnant at the time of the termination of her employment, a condition about which Defendant and its agents were aware.

24.     Plaintiff was employed by Defendant.

25.     As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of her employment with Defendant, based on her sex, in violation of the MHRA.

26.     Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

27.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under Missouri civil rights laws, including the MHRA.

28.     Plaintiff's employment was terminated for reasons that constitute pretext for unlawful retaliation and/or discrimination on the basis of Plaintiff's sex.

29.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

30.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

6

31.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by the MHRA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement to work environment where Plaintiff is not subjected to discriminatory conduct; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

## COUNT II – VIOLATION OF TITLE VII – SEX DISCRIMINATION

32.     Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

33.     Plaintiff is female. She was pregnant at the time of the termination of her employment, a condition about which Defendant and its agents were aware.

34.     Plaintiff was employed by Defendant.

35.     As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of her employment with Defendant, based on her sex, in violation of Title VII as amended by the Pregnancy Discrimination Act.

36.     Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

7

37. Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under federal civil rights laws, including Title VII.

38. Plaintiff's employment was terminated for reasons that constitute pretext for unlawful retaliation and/or discrimination on the basis of Plaintiff's sex.

39. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

40. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

41. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by Title VII; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement to work environment where Plaintiff is not subjected to discriminatory conduct; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to trial by jury.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway          MO Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

9

| EEOC Charge of Discrimination | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA | |
| | X EEOC | 563-2022-03222 |

| *State or local Agency, if any* |
|---|
| **Missouri Commission on Human Rights** |

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Elizabeth Martin** | **(816) 284-1482** | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **13520 S Harris Rd** | **Greenwood, MO 64034** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Union Home Mortgage Corp.** | **More than 500** | **(877) 846-4968** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **8241 Dow Cir** | **Strongsville, OH 44136** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| ___ RACE   ___ COLOR  X SEX  ___ RELIGION  ___ NATIONAL ORIGIN | **8/5/2022**          **8/11/2022** |
| ___ RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER (Specify below.) | X CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**Please see summary included as Exhibit A.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | |

8/29/22
Date                         Charging Party Signature

**Exhibit A to Elizabeth Martin Charge of Discrimination**

1.    I charge Union Home Mortgage and their agents (hereinafter collectively "UHM") with unlawful discrimination on the basis of my sex and/or pregnancy in violation of the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978.

2.    I was employed by UHM as a Loan Officer Assistant from March 1, 2021, until the unlawful termination of my employment on August 11, 2022.

3.    My record of employment with UHM was exemplary. At no time did I receive feedback from those to whom I reported that my performance was deficient in any way. I was not coached or placed on a performance improvement plan of any type, for any reason. I received high praise in each of my performance reviews 6 months and 12 months after my employment with UHM began. At the time of the termination of my employment, I was less than one month away from my scheduled NMLS SAFE Act exam for the purpose of my promotion to Licensed Loan Officer.

4.    I have a history with pregnancy loss, and for that reason I informed the Licensed Loan Originator with whom I worked closely, Robert Hastings, of my pregnancy in January 2022. At the beginning of February, I informed Area Sales Manager Josh Carr of my pregnancy during a meeting at which we discussed a raise as part of my annual review. In June I informed UHM human resources representatives of my pregnancy and did not immediately receive confirmation from them that I expected to be away from work for the birth and care of my child. Accordingly, I informed Human Resources Manager Mary Udivich and LOA Team Lead Chantel Pittman of my pregnancy shortly thereafter. I was instructed to contact human resources representatives 45 days prior to my expected date of delivery.

5.    In June 2022, I learned that Robert Hastings was considering a departure from UHM. In the following weeks I prepared for my absence from work for the birth of and care for my child scheduled for on or about August 10.

6.    In July I contacted human resources representatives because I was informed by my physician, Dr. Julie Johnson, that my child may arrive early. They provided me with documentation related to my expected absence on July 12 with instructions to return completed forms on or before July 22. I returned completed documentation related to my expected absence on July 21. My induction was then scheduled for August 17.

7.    On Friday, August 5, I informed human resources representatives of the scheduled induction. Because I received no response, I contacted human resources representatives again on August 8 and August 10, again with no response. On

1

August 5 I also spoke with Josh Carr about Mr. Hastings's potential departure and my concern about the handling of the loans assigned to me in my absence for maternity leave. I explained to Mr. Carr that I wanted to be certain that the clients for whom I was working would be serviced appropriately in my absence. In response, Mr. Carr assured me that regardless of whether Mr. Hastings remained with UHM, he would be able to place me in a position with UHM at one of the offices in Lee's Summit, Missouri.

8.    On Monday, August 8, Robert Hastings informed me that he was leaving UHM and that he would be joined by Loan Officer Assistant Kelly Haislip at UMB.

9.    On Wednesday, August 10, I attended a regularly scheduled appointment with Dr. Johnson. My pregnancy is high risk, and my physician determined that I would need to be placed on bed rest immediately and remain on bed rest until the scheduled induction on August 17.

10.   I spoke with Josh Carr at 9 a.m. on August 11 that I had been instructed by my phisican to remain on bed rest. I informed Human Resources Generalist Jessica Ankuda of my physician's instructions on August 11 at approximately 9:30 a.m. Dr. Johnson sent notice of my instructions to remain on bed rest via fax at the same time. I sent a copy of her instructions to Mr. Carr by email the same morning.

11.   Before I informed Jessica Ankuda of my expected period of bed rest in advance of the birth of my child, I received a phone call from Josh Carr at approximately 9 a.m. He said "I don't know what is going on. Give me until the afternoon to figure it all out and I will call you back." At 11 am on August 11, I received a call from Ms. Ankuda and Loan Officer Susan Stevenson. She explained that Mr. Hastings was no longer with UHM and that there "are no open positions within the company." I was stunned to learn that I was being terminated and told them that it was difficult to process their decision. I told Ms. Ankuda and Ms. Stevenson that I had been placed on bed rest the day before during my regularly scheduled appointment with my physician, that notice had been sent to UHM of these instructions by fax and email, and that I was scheduled to be induced on August 17. I again told them that I could not believe what they were telling me. I explained that Mr. Carr had expressed confidence that I would continue my employment with UHM.

12.   Susan Stevenson apologized and repeated her claim that there "are no open positions within the company." She then asked me whether I knew if Mr. Hastings intended to take anyone with him, and I said that I believed he was taking one person. Ms. Stevenson apologized for the "timing of this" and offered to write a letter of recommendation on my behalf. Jessica Ankuda then explained that my benefits would terminate at the end of the month and that thereafter I would have 60 days to elect to obtain COBRA coverage. They both then apologized again, and Ms. Stevenson instructed me to reach out to her if I had questions.

2

13. After the termination of my employment, I have learned that a male Loan Officer Assistant has been retained by UHM following the departure of Licensed Loan Originator Robert Hastings.

14. The actions of UHM and its agents constitute discrimination against me on the basis of my sex and/or pregnancy. The termination of my employment the day after I was placed on bedrest by my physician and less than one week in advance of my expected absence from work for the birth of and care for my child constitutes circumstantial evidence that my sex and/or pregnancy is the basis for UHM's decision to terminate my employment.

15. UHM has engaged in a pattern or practice of discrimination against me and other female UHM employees on the basis of our sex.

16. UHM terminated my employment because of my sex and/or pregnancy. Because of this discrimination by UHM and its agents, I have suffered economic damages and from emotional distress.

17. That rationale provided by UHM and its agents for the termination of my employment constitutes pretext for discrimination against me on the basis of my sex and/or pregnancy. The absence of any rationale from UHM and its agents for the termination of my employment similarly constitutes pretext for discrimination against me on the basis of my sex and/or pregnancy

18. I seek compensatory damages, liquidated damages, punitive damages, equitable relief in the form of front pay, my costs, and my reasonable attorney's fees.

3



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Kansas City Area Office**
400 State Ave, Suite 905
Kansas City, KS 66101
(913) 340-8810
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/22/2023

**To:** Elizabeth Martin
13520 S. Harris Rd
Greenwood, MO 64034

Charge No: 563-2022-03222

EEOC Representative and email:   Natascha DeGuire
Area Director
natascha.deguire@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 563-2022-03222.

On behalf of the Commission,

Digitally Signed By: David Davis
03/22/2023
David Davis
Acting District Director

**cc:**
Cody Nett
Union Home Mortgage
8241 Dow Cir
Strongsville, OH 44136

Lewis Galloway
LG Law
1600 Genessee St, Ste 918
Kansas City, MO 64102

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 563-2022-03222 to the District Director at David Davis, 1222 Spruce St Rm 8 100

St Louis, MO 63103.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ELIZABETH MARTIN,

<table>
<tr><td>PLAINTIFF(S),</td><td>CASE NO. 2316-CV16402</td></tr>
<tr><td>VS.</td><td>DIVISION 17</td></tr>
</table>

UNION HOME MORTGAGE CORP.,

DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CORY LEE ATKINS** on **10-OCT-2023** in **DIVISION 17** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

Case 4:23-cv-00566-SRB   Document 1-1   Filed 08/10/23   Page 23 of 31

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **CORY LEE ATKINS**
CORY LEE ATKINS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
LEWIS MICHAEL GALLOWAY, LG LAW LLC, 1600 GENESSEE ST, STE 918, KANSAS CITY, MO 64102

Defendant(s):
UNION HOME MORTGAGE CORP.

Dated: 21-JUN-2023

BEVERLY A. NEWMAN
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

ELIZABETH MARTIN,

        Plaintiff,

v.

UNION HOME MORTGAGE CORP.,

        Defendant.

Case No.
Division

JURY TRIAL DEMANDED

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff Elizabeth Martin, by and through his counsel of record, and, pursuant to Missouri Supreme Court Rules 54.13 and 54.14, hereby moves for the approval and appointment of HPS Process Service & Investigations, Inc. and their affiliates as private process servers in the above-captioned matter.

| | |
|---|---|
| Zenedria Abston | PPS23-0213 |
| Vikki Acord | PPS23-0214 |
| Donna Arciuolo | PPS23-0004 |
| Tracy Arnold | PPS23-0218 |
| Vanessa Arredondo | PPS23-0220 |
| Tonya Arruda | PPS23-0221 |
| Jodi Ashworth | PPS23-0005 |
| Joseph Baska | PPS23-0008 |
| Allison Bernardo | PPS23-0011 |
| Keith Blanchard | PPS23-0225 |
| Alexander Blea | PPS23-0012 |
| Dianna Blea | PPS23-0013 |
| Richard Blea | PPS23-0226 |
| Kathy Broom | PPS23-0020 |
| Randy Burrow | PPS23-0022 |
| Gary Burt | PPS23-0023 |
| Stephen Buskirk | PPS23-0233 |
| Steven Butcher | PPS23-0234 |
| Danny Callahan | PPS23-0024 |
| Jake Callahan | PPS23-0025 |
| Anna Canole | PPS23-0235 |
| Charles Casey | PPS23-0027 |
| George Castillo | PPS23-0028 |
| Scott Cisney | PPS23-0238 |
| Kathleen Clor | PPS23-0240 |
| Glen Cobb | PPS23-0030 |
| Chad Compton | PPS23-0033 |
| Melody Compton | PPS23-0034 |
| George Covert | PPS23-0035 |
| Peggy Cranston-Butcher | PPS23-0037 |
| Ernest Dahl | PPS23-0038 |
| Vito Davis | PPS23-0242 |
| Bryce Dearborn | PPS23-0243 |
| Robert DeLacy III | PPS23-0244 |
| Robert DeLacy Jr. | PPS23-0245 |
| Dominic DellaPorte | PPS23-0039 |
| Claudia Dohn | PPS23-0041 |
| Aaron Donarski | PPS23-0044 |
| Amy Donarski | PPS23-0043 |
| Dale Dorning | PPS23-0045 |

| | |
|---|---|
| Alexander Duaine | PPS23-0250 |
| Michael Dunard | PPS23-0046 |
| Donald Eskra Jr. | PPS23-0254 |
| Sadie Estes | PPS23-0255 |
| Cindy Ethridge | PPS23-0256 |
| Robert Fairbanks | PPS23-0257 |
| William Ferrell | PPS23-0258 |
| Ryan Fortune | PPS23-0262 |
| James Frago | PPS23-0054 |
| John Frago | PPS23-0055 |
| Richard Gerber | PPS23-0266 |
| Kurie Ghersini | PPS23-0057 |
| Adam Golden | PPS23-0058 |
| Bradley Gordon | PPS23-0059 |
| Thomas Gorgen | PPS23-0060 |
| Kimberly Greenway | PPS23-0061 |
| Paul Grimes | PPS23-0267 |
| Mark Hagood | PPS23-0063 |
| Eric Hahn | PPS23-0064 |
| Nastassja Hall | PPS23-0268 |
| Darnell Hamilton | PPS23-0066 |
| James Hannah | PPS23-0067 |
| James Ray Harvey | PPS23-0068 |
| Grace Hazell | PPS23-0069 |
| Stephen Heitz | PPS23-0269 |
| Austen Hendrickson | PPS23-0070 |
| Sharon Hendrickson | PPS23-0071 |
| Elizabeth Henson | PPS23-0072 |
| Jessie Hernandez | PPS23-0271 |
| Michael Hibler | PPS23-0073 |
| Shelby Hibler | PPS23-0272 |
| Trinity Hibler | PPS23-0273 |
| James Hise | PPS23-0075 |
| Tony Hitt | PPS23-0274 |
| Aaron Holt | PPS23-0076 |
| Martin Hueckel | PPS23-0078 |
| Michael Huffman | PPS23-0079 |
| Pamela Huffman | PPS23-0080 |
| Anthony Iavarone | PPS23-0083 |
| Megan Jagos | PPS23-0084 |
| Frank James | PPS23-0275 |

3

| | |
|---|---|
| Zachary Jenkins | PPS23-0277 |
| Betty Johnson | PPS23-0085 |
| Brent Kirkhart | PPS23-0089 |
| Janice Kirkhart | PPS23-0090 |
| Tyler Kirkhart | PPS23-0091 |
| Kenneth Klewicki | PPS23-0092 |
| Michele Kriner | PPS23-0280 |
| Kelly Land | PPS23-0095 |
| James LaRiviere | PPS23-0098 |
| Marcus Lawing | PPS23-0099 |
| John Lichtenegger | PPS23-0101 |
| Bryan Liebhart | PPS23-0102 |
| Bert Lott | PPS23-0104 |
| Rex Louar | PPS23-0283 |
| Robert Maliuuk | PPS23-0285 |
| Winnonna Maliuuk | PPS23-0286 |
| Michael Marra | PPS23-0105 |
| Thomas Matthews | PPS23-0288 |
| Shauntranise McGee | PPS23-0291 |
| Michael McMahon | PPS23-0292 |
| Michael C Meador | PPS23-0111 |
| James Meadows | PPS23-0112 |
| Krista Meadows | PPS23-0293 |
| Jerry Melber | PPS23-0113 |
| Jenna Mendoza | PPS23-0114 |
| Matthew Millhollin | PPS23-0117 |
| Carla Monegain | PPS23-0298 |
| Christopher Moore | PPS23-0297 |
| Michael Morrison | PPS23-0299 |
| Zachary Mueller | PPS23-0300 |
| Paul Nardizzi | PPS23-0303 |
| Wendy Neff | PPS23-0304 |
| Jeremy Nicholas | PPS23-0119 |
| Jeffrey Nichols | PPS23-0121 |
| Michael Noble | PPS23-0123 |
| Colter Norris | PPS23-0125 |
| Dennis Norris | PPS23-0126 |
| Kody Norris | PPS23-0127 |
| Daryl Oestreich | PPS23-0130 |
| Craig Palmer | PPS23-0306 |
| Cynthia Paris | PPS23-0131 |

4

| | |
|---|---|
| Cody Patton | PPS23-0133 |
| Jose Pena | PPS23-0307 |
| George Perry | PPS23-0134 |
| Timothy Pinney | PPS23-0310 |
| Nancy Porter | PPS23-0311 |
| Kourtney Potter-Acord | PPS23-0140 |
| Benjamin Purser | PPS23-0148 |
| Larry Quintanilla | PPS23-0312 |
| Richard Ramirez | PPS23-0313 |
| James Reap | PPS23-0149 |
| Christopher Reed | PPS23-0150 |
| Cheryl Richey | PPS23-0152 |
| Richard Rober | PPS23-0316 |
| David Roberts | PPS23-0156 |
| Patricia Roberts | PPS23-0157 |
| Anthony Roscoe | PPS23-0317 |
| Richard Ross | PPS23-0318 |
| Steve Rozhon | PPS23-0319 |
| Kathy Rulo | PPS23-0165 |
| Edna Russell | PPS23-0166 |
| Robert Sanders | PPS23-0320 |
| Brenda Schiwitz | PPS23-0167 |
| Nathaniel Scott | PPS23-0321 |
| Joe Sherrod | PPS23-0169 |
| Kenneth Short | PPS23-0326 |
| Anita Skillern | PPS23-0173 |
| Thomas Skinner | PPS23-0174 |
| Brian Smith | PPS23-0175 |
| Bryan Smith | PPS23-0176 |
| Anthony Spada | PPS23-0179 |
| Melissa Spencer-Bryant | PPS23-0180 |
| Keith Stalcup | PPS23-0181 |
| Barbara Steil | PPS23-0182 |
| Paul Steil | PPS23-0183 |
| Randy Stone | PPS23-0184 |
| Sonja Stone | PPS23-0185 |
| Steven Stosur | PPS23-0328 |
| Cody Swartz | PPS23-0189 |
| Ramona Talvacchio | PPS23-0329 |
| Jeffrey Teitel | PPS23-0191 |

| Gabriel Tranum | PPS23-0193 |
| Blanca Vazquez | PPS23-0337 |
| Robert Vick II | PPS23-0338 |
| Bradley Votaw | PPS23-0196 |
| Joseph Wachowski | PPS23-0339 |
| Stephen Waters | PPS23-0197 |
| Barbara West | PPS23-0343 |
| Jonathan Wilkerson | PPS23-0205 |
| Gregory Willing | PPS23-0206 |
| Conni Wilson | PPS23-0208 |

In support of her motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

/s/ Lewis M. Galloway
Lewis Galloway      Missouri Bar No. 52417
LG Law LLC
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEYS FOR PLAINTIFF

6

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____        _____

                                       Judge or Circuit Clerk